**James L. SHERRILL, Jr., Plaintiff—Appellant,**

v.

**Janet COX, Montana State Prison Records Department; et al., Defendants—Appellees.**

No. 08–35189.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 19, 2008.

James L. Sherrill, Jr., Great Falls, MT, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Pamela P. Collins, Agency Legal Services Bureau, Helena, MO, Patricia C. Bower, Missoula, MT, for Defendants–Appellees.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

## MEMORANDUM **

James L. Sherrill, a Montana state prisoner, appeals pro se from the district court's grant of summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that he was unlawfully incarcerated from July 3, 2002 until December 4, 2002. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

As a preliminary matter, this court's April 16, 2008 order is vacated to the extent that the order stated that the district court had not revoked appellant's in forma pauperis status. The district court, in its January 21, 2008 order, certified that this appeal is not taken in good faith, and so revoked appellant's in forma pauperis status. We grant appellant in forma pauperis status for the purposes of this appeal. Appellant has completed and filed the authorization form pursuant to this court's April 16, 2008 order, and the fees for this appeal will continue to be collected from appellant's trust fund account. *See* 28 U.S.C. § 1915(b)(2), (e)(2).

Turning to the merits, we find the district court properly granted summary judgment in favor of defendants because Sherrill failed to show an underlying constitutional violation. *See Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir.1996) ("an individual may recover under § 1983 only when his federal rights have been violated"). Specifically, Sherrill failed to raise a genuine issue of material fact as to whether he was entitled to be released on July 3, 2002. The district court correctly concluded that the discharge date on the 1998 state criminal case was March 13, 2004, not July 3, 2002 as Sherrill contends; therefore, he was not wrongfully incarcerated in 2002.

Because the notice of appeal was not amended to include the district court's March 4, 2008 order denying the motion for reconsideration, we do not consider issues raised by that order. *See* Fed. R.App. P. 4(a)(4)(B)(ii). Likewise, we decline to address issues raised for the first time on appeal. *See Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1186 n. 4 (9th Cir.1997).

Sherrill's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.